GRIFFIN, Judge,
concurring specially.
While reviewing the difficult legal problems presented by this rather complex case, I have found myself nagged by one of those “what is wrong with this picture” feelings. The Springs Community Association members seek to have this court affirm the decision of the lower tribunal that the members have no vested voting rights in the two issues (special assessments and changes in the maximum and basis of assessments) that are most likely to significantly affect their property interests and which would seem to be most dear to preserve. Instead, in order to obtain a specific economic advantage from one of its members, the Association staunchly argues here, as it did below, that all the members’ rights as set forth in the Declaration, Articles of Incorporation and Bylaws of the Association, including their right to vote on special assessments or the basis and maximum of assessments, are, in perpetuity, subject to change (or extinction) at any time by a two-thirds vote of the Board of Directors of the Association. Not finding any adequate basis in this record to overturn the findings and conclusions of the trial court concerning the meaning of the Master Declaration or the effect on appel *656 lants of the 1979 and 1986 amendments, I have voted to affirm the trial court. I do wonder, however, whether success in this litigation is worth the cost to the members.